1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              Case No.:  23cr1915; 24cv1881-CAB

12                          Plaintiff,
                                            **ORDER DENYING MOTION TO**
13    v.                                     **VACATE, SET ASIDE, OR**
                                            **CORRECT SENTENCE UNDER 28**
14    RAFAEL SANTIAGO,                        **U.S.C. § 2255**

15                          Defendant.

16

17         This matter is before the Court on Petitioner/Defendant Rafael Santiago's motion to

18    vacate, set aside, or correct sentence under 28 U.S.C. §2255.  [Doc. No. 40, sealed.]  The

19    government has filed an opposition to the motion [Doc. No. 42], and Petitioner filed a

20    reply.  [Doc. No. 45, sealed.]  Upon review of the pleadings, the Court deems it suitable

21    for submission without oral argument.  As explained below, the motion is **DENIED**.

22         **I.      Background**

23         As set forth in his plea agreement [Doc. No. 6], defendant admitted the following

24    facts. Beginning in June 2020, Santiago devised a scheme to obtain funds through a

25    fraudulent Paycheck Protection Program ("PPP") loan application.  Santiago provided false

26    and fraudulent information within the loan application. The application contained false

27    representations regarding payroll and the number of employees the business purportedly

28    had.  All the material provided through the PPP application was material to the lender.  The

1

1    false information induced the lender to wire funds into a bank account controlled by

2    Santiago. Santiago used the PPP money for his personal expenses and did not use the

3    money for payroll or as working capital to alleviate economic injury caused by the COVID-

4    19 disaster.  On June 10, 2020, Santiago submitted the fraudulent PPP loan application.

5    Subsequently on June 23, 2020, based on the material misrepresentations, Bank 1

6    transferred by interstate wire transfer $117,233 into a bank account controlled by Santiago.

7    The wire fraud resulted in losses to both Cross River Bank and the Small Business

8    Administration.

9        Santiago was charged with one count of wire fraud, in violation of 18 U.S.C. § 1343.

10    [Doc. No. 1.] On September 15, 2023, Santiago entered his plea to the charge of wire fraud.

11    [Doc. Nos. 6 and 7.]  The statutory maximum for the offense was 20 years in prison. [Doc.

12    No. 6.]

13        On February 14, 2024, Santiago was sentenced to 30 months in the Bureau of

14    Prisons with three years of supervised release. [Doc. No.  31.]   At sentencing, the

15    defendant's base offense level was determined to be 7 and there was an adjustment upward

16    of 8 points for the loss amount involved (exceeding $95,000).   Defendant received a

17    downward adjustment of 2 points for his acceptance of responsibility, resulting in a total

18    offense level of 13.  [Doc. No. 26.] His Criminal History Score was 10 and his Criminal

19    History Category was V [Doc. No. 21], resulting in a guideline range of 30 to 37 months.

20    The parties recommended variances and departures, however the sentencing judge declined

21    the recommendations and sentenced the defendant to the low end of the guideline, 30

22    months of custody, which was also in accordance with the recommendation of probation.

23    [Id., at 22.].

24        On October 1, 2024, Santiago filed this 28 U.S.C. § 2255 petition to reconsider or

25    modify his sentence. [Doc. No. 40.]

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    Legal Standard

Defendant's motion to vacate his sentence arises under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Thus, "[u]nder 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

## III.    Discussion

The sentenced imposed was not in excess of the maximum authorized by law.  The Court had jurisdiction to impose the sentence.  The sentence was not outside the properly calculated guideline but was at the low end.

In his petition, Defendant argues that the sentencing judge failed to take into account the Section 3553 factors recommended by counsel when imposing sentence and acted arbitrarily.  Defendant was on notice however that the Court was not bound by the recommendations of the parties and had sole discretion in imposing sentence. [Doc. No. 6, at 8.]

Further the Defendant waived his right to collaterally attack his sentence. He signed a plea agreement which included a specific waiver of that right. [Id., at 10.] *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000).  Defendant's waiver was knowing and voluntary because he signed the plea agreement, initialed the page directly under the waiver, entered the plea in open court before the Magistrate Judge [Doc. No. 7], and verified his intent to waive his right to appeal and collateral attack. *United States v. Anglin*,

1    215 F.3d 1064, 1066 (9th Cir. 2000).  The language of the plea agreement is clear and

2    unambiguous that Defendant waived his right to collaterally attack his sentence.  *United*

3    *States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000).  Accordingly, Defendant has waived

4    his right to collaterally attack his sentence on all grounds except claims for ineffective

5    assistance of counsel. *United States v Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

6          To establish a claim for ineffective assistance of counsel, Defendant must show that

7    his counsel's performance was deficient, and that he was prejudiced as a result of counsel's

8    deficient performance *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   Here,

9    Defendant's counsel filed a sentencing chart and memorandum [Doc. Nos. 24 and 25] and

10   argued competently at the hearing [Doc. No. 37].  Thus, his performance was well within

11   the "range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474

12   U.S. 52, 56 (1985).   While Defendant argues that his attorney should have made the

13   Defendant's involvement and participation in the fraud clear to the Court, the record shows

14   that the sentencing judge based his sentencing decision in large part on the fact that

15   Defendant had several previous fraud convictions [Doc. No. 37 at 28].

16         Defendant's argument that his counsel was ineffective is really an attack on the

17   Court's discretionary decision of sentencing, in violation of Defendant's valid appellate

18   waiver.  Defendant argues that the sentencing judge acted arbitrarily and improperly in

19   sentencing because the court declined to adopt the parties' recommended departures or

20   variances.  However, there was no guideline error and, therefore, this backdoor approach

21   to claiming ineffective assistance of counsel cannot be used. *Glover v. United States*, 531

22   U.S. 198, 204 (2001).

23         Both the United States and Defendant's counsel filed sentencing papers which

24   discussed the various Section 3553 factors applicable to Defendant's case.  The sentencing

25   judge found that the recommendations were inconsistent with some of the Section 3553

26   factors, demonstrating that he considered those factors. Although the sentence ultimately

27   imposed did not adopt the departures or variances recommended by counsel, it was not

28

23cr1915; 24cv1881-CAB

1    error and was within the properly calculated guidelines.  Accordingly, Defendant has not

2    shown that his counsel's performance was deficient.

3    **IV.    Conclusion**

4    For the reasons set forth above, the motion to vacate, set aside, or correct sentence

5    under 28 U.S.C. §2255 is **DENIED**.  Moreover, because the Court does not believe that

6    reasonable jurists would find the Court's assessment of the constitutional claims debatable

7    or wrong it **DECLINES** to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529

8    U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

9    It is **SO ORDERED.**

10    Dated:  December 5, 2024

11

12    _____
      Hon. Cathy Ann Bencivengo
      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28